UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER REED,

       Plaintiff,                                       Hon. Robert J. Jonker

v.                                                   Case No. 1:19-cv-77

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019).

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 53 years of age on his alleged disability onset date. (PageID.49, 273). He successfully completed high school and worked previously as a machinist. (PageID.49). Plaintiff applied for benefits on November 18, 2014, alleging that he

had been disabled since February 13, 2012,[1] due to diabetes, visual impairment, depression, anxiety, arthritis, cholesterol, bilateral carpal tunnel syndrome, and hearing loss.   (PageID.273-79, 353).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).   (PageID.139-271).   Following an administrative hearing, Cynthia Harmon, in an opinion dated May 23, 2018, determined that Plaintiff did not qualify for disability benefits.   (PageID.37-50). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.   (PageID.20-24).   Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.   *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).   If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.   *See* 20 C.F.R. §§ 404.1545, 416.945.

---

[1] Plaintiff later amended his disability onset date to June 7, 2015.   (PageID.136).

-3-

Plaintiff bears the burden to demonstrate he is entitled to disability benefits, and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, - - - Fed. Appx. - - -, 2020 WL 97414 at *2 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: diabetes mellitus with polyneuropathy and left finger joint contractures, and bilateral hearing loss, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.39-43).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform work subject to the following limitations: (1) he can perform frequent, but not repetitive, handling and reaching activities; (2) he must avoid walking on uneven terrain; (3) he cannot climb ladders, ropes, or scaffolds; (4) he can only occasionally climb ramps and stairs; (5) he cannot

work at unprotected heights; (6) he must be able to receive instructions from supervisors face-to-face; (7) he cannot be exposed to more than moderate noise levels; (8) he can only occasionally use a telephone; (9) he is limited to performing simple, one-and-two-step tasks due to infrequent hypoglycemia-related confusion. (PageID.43).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 2020 WL 97414 at *2. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 727,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.87-90). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits. The vocational expert also testified that, if Plaintiff were further limited to the performance of light work, there existed approximately 798,000 jobs in the national economy which he could perform. (PageID.90-92).

### I.     Medical Opinion Evidence

Two of Plaintiff's care providers offered opinions suggesting that Plaintiff's ability to perform work activities was more limited than the ALJ recognized. The ALJ, however, failed to afford controlling weight to these opinions. Plaintiff argues that he is entitled to relief because the ALJ failed to articulate sufficient reasons for discounting the opinions of his treating physicians.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into his medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Id*. at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Ibid.*

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

A. Dr. Robert Rood

On April 11, 2017, Plaintiff was examined by Dr. Rood. (PageID.870-79). In his treatment notes, the doctor reported that Plaintiff should "use hand rails when on stairs and no carrying objects up or down the stairs." (PageID.873). While the ALJ limited Plaintiff to only occasional use of stairs, she did not expressly preclude Plaintiff from using stairs without rails or carrying things while navigating stairs. According to Plaintiff, the ALJ failed to articulate good reasons to discount Dr. Rood's opinion that Plaintiff was more limited than the ALJ recognized.

The ALJ did not expressly address this isolated comment in her opinion. Considering that the doctor's observation was contained in a routine treatment note, rather than a more formal assessment of Plaintiff's abilities, such is not altogether surprising. The ALJ, however, did expressly address a statement by Dr. Rood that Plaintiff "does have some neuropathy in his feet and his balance is off." (PageID.45, 467). The ALJ discounted this statement, noting that there was no evidence in the

record that Plaintiff experienced any falls between April 2014 and January 2018. (PageID.45, 461-502, 588-644, 728-867, 887-920). The ALJ also noted that Plaintiff admitted that he rides a bicycle 3-4 times weekly and tries to walk "at least" 6,000 steps daily. (PageID.597).

In the Court's estimation, there is no relevant distinction between the statement that Plaintiff must use handrails when navigating stairs and the statement that Plaintiff's "balance is off." The ALJ expressly discounted the latter for reasons that are supported by substantial evidence. Thus, the ALJ's failure to expressly address the former statement constitutes harmless error. *See, e.g., Owens v. Commissioner of Social Security*, 2013 WL 1304465 at *6-7 (W.D. Mich., Feb. 19, 2013) (de minimis violations of the treating physician rule can constitute harmless error); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"). Accordingly, this argument is rejected.

B.   Dorothy Berg, Ph.D.

On February 28, 2017, Dr. Berg completed a form report concerning Plaintiff's "ability to do mental work-related activities." (PageID.708-12). Dr. Berg assessed Plaintiff's limitations in several categories encompassing: (1) making occupational adjustments; (2) making performance adjustments; and (3) making personal/social adjustments. (PageID.708-09). In six categories, Plaintiff's limitations were rated as either "extreme" or "marked." Dr. Berg also reported that Plaintiff experienced "extreme" difficulty maintaining social functioning. (PageID.709). Plaintiff

argues that he is entitled to relief because the ALJ did not afford controlling weight to Dr. Berg's observations.

The ALJ discounted Dr. Berg's opinion on the ground that such is not supported by the record. (PageID.48). Whether this conclusion is supported by substantial evidence is not particularly relevant because Dr. Berg did not articulate in her report any specific restriction or functional limitation that is inconsistent with the ALJ's RFC assessment. Thus, any error the ALJ may have committed in evaluating Dr. Berg's opinion is harmless. Accordingly, this argument is rejected.

## II.    Plaintiff's Subjective Allegations

Plaintiff asserts that he is unable to work due to the symptoms he experiences from diabetes and a shoulder impairment, as well as the lingering effects of a stroke. (PageID.44, 63-87). The ALJ discounted Plaintiff's subjective allegations, however, finding that such were inconsistent with the medical record. (PageID.43-45). Plaintiff argues that he is entitled to relief because the ALJ's rationale for discounting his subjective allegations is not supported by substantial evidence.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard. First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms. *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016). Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit his ability to perform work-related activities. *Id.* at *4-9.[2]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this

---

[2] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p. *Id.* at *1. But, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements. Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character." *Ibid.* As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

The ALJ articulated several reasons for discounting Plaintiff's testimony. With respect to Plaintiff's diabetes, the ALJ observed that such was "relatively well controlled." (PageID.45). The ALJ further observed that the record failed to establish that Plaintiff experienced any diabetes-related vision loss, neuropathy, or ketoacidosis. (PageID.45-47). With respect to Plaintiff's alleged stroke, the ALJ noted the absence of evidence that Plaintiff experienced motor, strength, reflex, or gait abnormalities. (PageID.46). The ALJ also concluded that Plaintiff's reported activities were inconsistent with his subjective allegations. (PageID.45). The ALJ's assessment is supported by substantial evidence. (PageID.43-47, 461-99, 567-69, 588-644, 728-867, 887-919).

Plaintiff also argues that his subjective allegations were discounted pursuant to "extralegal standards cooked up by the ALJ." The ALJ found that Plaintiff's statements were "not entirely consistent with" the evidence. Plaintiff argues that the relevant Social Security regulation requires the ALJ to accept "any" subjective statement unless such is "inconsistent with" the evidence. According to Plaintiff, finding a statement "not entirely consistent with" the evidence is distinct from

-11-

finding a statement "inconsistent with" the evidence. Plaintiff asserts that only "inconsistent" statements can be discounted.

First, Plaintiff has misstated the relevant Social Security regulation. Plaintiff argues that pursuant to 20 C.F.R. § 404.1529(c)(3), the ALJ must accept "any" subjective statement offered by a claimant unless it is "inconsistent with" the evidence. However, the cited provision instructs the ALJ how to evaluate "any symptom-related functional limitations" articulated by the claimant's treating sources. *Id.* This provision does not stand for the proposition, articulated by Plaintiff, that the ALJ must accept his subjective statements unless such are found to be inconsistent with the evidence.

Rather, the relevant regulation instructs the ALJ to evaluate a claimant's subjective statements "in relation to the objective medical evidence and other evidence" to determine "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). This provision further provides that a claimant's subjective statements "will be determined to diminish [the claimant's] capacity for basic work activities to the extent that [the claimant's] alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Id.*

In sum, while Plaintiff argues that his subjective statements must be accepted absent a finding that such are entirely inconsistent with the record, the regulation instead provides that Plaintiff's statements need be credited only if such are reasonably consistent with the evidence. The ALJ concluded that Plaintiff's subjective allegations were not reasonably consistent with the medical and other evidence. In sum, the ALJ's decision to discount Plaintiff's subjective allegations is consistent with the proper legal standard and supported by substantial evidence. Accordingly, Plaintiff's argument is rejected.

### III. Regional Jobs

At step five, the burden shifts to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform despite his limitations. The Commissioner satisfies this requirement by demonstrating that there exists a significant number of jobs either: (1) in the region where the claimant resides, or (2) in multiple other regions of the country. *See* 20 C.F.R. § 404.1566; 42 U.S.C. § 423(d)(2)(A).

At the administrative hearing, the vocational expert testified as to the number of jobs that existed in the national economy which Plaintiff could perform despite his limitations. (PageID.87-90). The vocational expert did not testify as to the number of jobs which existed in the region where Plaintiff resides. The vocational expert likewise did not testify whether the jobs which he identified in the national economy existed in more than one region of the United States. Plaintiff argues that

the ALJ's failure to establish whether the jobs in question existed in the region where he resides or in multiple other regions entitles him to relief.

As noted above, the Sixth Circuit has held that "[s]ix thousand jobs in the United States" satisfies the Commissioner's requirement to identify a significant number of jobs in the national economy which a claimant can perform. In this matter, the vocational expert testified that there existed approximately 727,000 jobs in the national economy which an individual with Plaintiff's RFC could still perform. Given that the vocational expert identified such a large number of jobs, it was reasonable for the ALJ "to infer that such jobs exist in several regions." *Vining v. Astrue*, 720 F.Supp.2d 126, 128 (D.Maine 2010). This argument is, therefore, rejected. Furthermore, Plaintiff waived this issue by failing to raise such at the administrative hearing. *See, e.g., Hunt v. Commissioner of Social Security*, 2014 WL 345660 at *7 (W.D. Mich., Jan. 30, 2014).

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

Date: January 27, 2020                      /s/ Phillip J. Green
                                                                          PHILLIP J. GREEN
                                                                          United States Magistrate Judge